IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CITIZENS BANK, | ) | CASE NO. 1:08 CV 2174 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| CINEMA PARK L.L.C., *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **AND ORDER** |

## Introduction

Before me,[1] in this diversity action[2] that seeks payment of money due under various notes and foreclosure of a mortgage on commercial real estate, is a motion by plaintiff Citizens Bank (Citizens), holder of the notes and mortgage, for summary judgment in its favor against defendants Russell Berzin, Trustee (Berzin); Lumberjacks, Inc.; Lucky Sand and Gravel Co.; Graves Lumber Company; Michelle Graham; Belinda Hill; Arco Heating and Air Conditioning, Inc; City Architecture, Inc.; Wholesale Vinyl, LLC; and James Rokakis, Cuyahoga County Treasurer.[3] Default judgment has already been entered against Cinema Park LLC, the maker of the notes and mortgage, as well as other defendants.[4]

---

[1] The parties have consented to my exercise of jurisdiction. ECF # 87.

[2] ECF # 1 at 9-10.

[3] ECF # 190.

[4] ECF # 173.

As to the present matter before me, only defendant Berzin has responded to Citizens' motion for summary judgment, essentially agreeing that Citizens is entitled to summary judgment for the purpose of foreclosing on the property at issue in this matter, but asserting that such foreclosure be subject to Berzin's existing mortgage lien on the same property.[5] Citizens has not replied to Berzin's response.

In addition, Citizens asserts in the present motion that the other remaining defendants, though not responsive to the summary judgment motion, all raised various affirmative defenses to Citizens' original complaint that do not preclude an award here of summary judgment.[6] For the reasons that follow, Citizens' motion for summary judgment will be granted.

## Facts

The underlying matter[7] involves an attempt by Citizens Bank to foreclose on a real estate parcel in Warrensville Heights, Ohio.[8] As successor to Republic Bank, Citizens holds a mortgage on that property from Cinema Park LLC to secure various notes also held by Citizens, as well as amounts advanced by Citizens for taxes and other expenses related to the

---

[5] ECF # 193.

[6] ECF # 190 at 12-20.

[7] A more complete version of the underlying facts is set forth by Citizens in its motion for summary judgment and is not disputed. That statement of facts is incorporated by reference. *See*, *id.* at 8-10.

[8] *See*, *id.* at 3 n.1 (describing the property).

property.[9] As related by Citizens, Cinema Park has failed to make payments when due under the notes, resulting in a breach of the mortgage entitling Citizens to have the mortgage foreclosed.[10]

To that end, Citizens initiated the present action, joining all necessary parties as set forth in a preliminary judicial report and a supplemental preliminary judicial report filed in this Court.[11] Various named defendants have been dismissed upon disclaiming any interest in the subject property,[12] and default judgment has been entered against Cinema Park, as well as other named defendants.[13] The remaining defendants, as previously noted, have answered, raising affirmative defenses that Citizens claims do not now preclude an award of summary judgment in its favor.[14] Defendant Berzin, as trustee under a mortgage between himself and Cinema Park, has previously consented to Citizens' proposed foreclosure sale[15] and now seeks an independent judgment against Cinema Park in his favor as to the mortgage he holds.[16]

---

[9] *Id*. at 4.

[10] *Id*. at 5.

[11] ECF ## 1, 6.

[12] ECF ## 75, 137, 139. *See also*, non-document entry of Dec. 29, 2008.

[13] ECF # 173.

[14] *See*, ECF ## 30, 32, 48, 54, 56, 64, 81, 90, 105, 145.

[15] ECF # 184.

[16] ECF # 193.

## Analysis

**A.     Standard of review**

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[17] The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[18]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[19] Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.[20] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[21]

---

[17] Fed. R. Civ. P. 56(c).

[18] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[19] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[20] *Id.* at 252.

[21] *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.[22] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[23] Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.[24]

In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict."[25] However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.[26]

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[27] The nonmoving party may not simply rely on its pleadings, but must "produce

---

[22] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir.2005) (citing *Celotex*, 477 U.S. at 322).

[23] *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir.2004) (quoting *Anderson*, 477 U.S. at 248-49).

[24] *Anderson*, 477 U.S. at 249-50 (citation omitted).

[25] *Id.* at 252.

[26] *March v. Levine*, 249 F.3d 462, 471 (6th Cir. 2001).

[27] *Anderson*, 477 U.S. at 256.

evidence that results in a conflict of material fact to be solved by a jury."[28] The text of Fed. R. Civ. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

"In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[29]

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'"[30] Rule 56(e) also has certain, more specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.[31]

---

[28] *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[29] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

[30] *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs.*, 854 F.2d 1179, 1181 (9th Cir. 1988)).

[31] *Id.* at 225-26 (citations omitted).

However, the district court may consider evidence not meeting this standard unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.[32]

As a general matter, the judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law."[33] The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter.[34] The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[35]

In sum, proper summary judgment analysis entails:

the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[36]

---

[32] *Id.* at 226 (citations omitted).

[33] *Anderson*, 477 U.S. at 248.

[34] *Id.* at 249.

[35] *Id.*

[36] *Id.* at 250.

**B.     Application of standard**

Under applicable Ohio law,[37] a foreclosure involves a two-step process.  Once it has been determined as a matter of law that a default on the obligation secured by the mortgage has occurred, the court must then consider the equities to determine if foreclosure is the appropriate remedy.[38]  Establishing an entitlement to foreclosure, in turn, requires proof of the following elements:

   (1)    execution and delivery of a valid note and mortgage, which instruments are now held by plaintiff;

   (2)    the recorded mortgage is a valid lien on the property at issue;

   (3)    the maker of the note and mortgage has defaulted on its obligations under those instruments;

   (4)    resulting in an established amount due.[39]

In this case the record establishes – and it is not disputed – that Citizens holds the various notes and valid recorded mortgage related to the real estate in question,[40] that Cinema

---

[37] The federal court in a diversity action applies the law of the forum state to substantive issues. 28 U.S.C. § 1652; *Gasperini v. Center for Humanities*, 518 U.S. 415, 427 n.7 (1996), citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938).

[38] *First Knox Nat'l Bank v. Peterson*, No. 08CA28, 2009 WL 3086583, at *3 (Ohio Ct. App. Sept. 24, 2009) (citation omitted).

[39] *See*, *First Nat'l Bank of America v. Pendergrass*, Case No. E-08-048, 2009 WL 1865127, at *3 (Ohio Ct. App. June 30, 2009) (citation omitted).

[40] ECF # 190 at 11, citing the recorded instruments and referencing the affidavit of Diane Swiney (ECF # 190, Ex. 1) that Citizens is the owner and holder of the notes and mortgage.

Park has defaulted its obligations under these instruments,[41] and that Citizens, as of May 30, 2009, is owed money by Cinema Park as a result of those defaults.[42]  Thus, the basis for finding that Citizens is entitled to an order of foreclosure and sale of the subject property has been established.

Next, as the Ohio courts observe, because foreclosure is equitable relief, "'the simple assertion of the elements of foreclosure does not require, as a mater of law, the remedy of foreclosure.'"[43]  Ohio appellate courts, therefore, review a decision to permit foreclosure for abuse of discretion.[44]

Here, I note initially that defendant Cinema Park has not raised any equitable reason why Citizens Bank should not be permitted to foreclose on the property at issue.  Further, none of the other named defendants have done so, either.  Specifically, I also note in this regard that none of the arguments raised at various times by the remaining defendants outside of Berzin have been now supported in connection with the present motion for summary judgment by any evidence establishing either the existence of a material fact in dispute or an equitable basis for denying Citizens Bank the remedy of foreclosure.

---

[41] *Id.*

[42] *Id*.

[43] *Pendergrass*, 2009 WL 1865127, at *3, quoting *Equitable Fed. Sav. & Loan Ass'n v. Hopton*, No. CA-6664, 1985 WL 7309 (Ohio Ct. App. Oct. 28, 1985).

[44] *See*, *Buckeye Ret. Co. v. Walling*, No. 05 MA 119, 2006 WL 3849863, at *3 (Ohio Ct. App. Dec. 29, 2006) (citations omitted).

As to Berzin, who has previously consented to a foreclosure by Citizens Bank, he has not shown how foreclosure by Citizens would impair whatever rights he may have to recover against Cinema Park.  Specifically, he has not shown how Federal Rule of Civil Procedure 8(C)[45] provides any basis by which I may, in effect, grant him a separate summary judgment or judgment on the pleadings against Cinema Park on its own claims.[46]

## Conclusion

Accordingly, based on the foregoing, the motion of Citizens Bank for summary judgment is hereby granted.

IT IS SO ORDERED.


Dated:   January 29, 2010                                         s/ William H. Baughman, Jr.
                                                                  United States Magistrate Judge

---

[45] Fed. R. Civ.P. 8(C) is part of the general rules as to pleading and specifically requires that a party in responding to a pleading set forth any affirmative defenses.

[46] *See*, ECF # 193.